18m 291 | 96 609

18bm291 | 105 252

---

## Luttrell *vs.* Maysville and Lexington Railroad Co.

Case 38.

APPEAL FROM MASON CIRCUIT.

ORD. PET.

1. After the jury had retired, a witness who had been examined on the trial, was sent for by them, admitted into the jury room, and re-examined without the knowledge or consent of the court or the parties. Held, that a new trial should, for this, have been granted upon motion. (*Civil Code*, sec. 369.)
2. The safe rule is, to regard the misconduct of the jury as a sufficient ground for a new trial, where the party complaining of it has not connived at nor been instrumental in any manner in producing it.

Appellant, Lucien S. Luttrell, subscribed to a subscription paper of stock in the Maysville and Lexington railroad company, having the following caption: "We, the undersigned, citizens of Mason county, state of Kentucky, hereby subscribe for the number of shares, in the capital stock of the Maysville and Lexington railroad company, set opposite our names, respectively, and hereby promise and

CASE STATED.

' agree to pay fifty dollars on each share so subscribed, ' in such instalments, and at such times and places, ' as may be required by the board of directors of ' said company, *upon condition that said railroad shall* · *be built upon what is termed the upper or eastern route.*"

Appellant made three subscriptions of stock upon this paper one of which, with certain conditions, was afterwards erased. The second is as follows: Lucien S. Luttrell $300, provided said road runs through my farm, as surveyed. The third as follows: "Lucien S. Luttrell 4 shares, $200."

Upon the last subscription the company sued him in this action.

*Wadsworth*, for appellant—

Argued—1. The verdict of the jury is contrary to the weight of the evidence. The subscription of Luttrell was "upon *condition* that said railroad should ' be built upon what is *termed* the upper, or eastern ' route." The line through Helena was "termed" the upper route, and the road was not built upon that route. It is insisted that the condition of Luttrell's subscription was broken, and he was released.

2. If the condition was not broken then the subscription was obtained by fraud, and the court erred in not giving the fisrt instructions asked by appellant.

3. The instruction given by the court was misleading and erroneous—*First*. Because it makes the *acceptance* of the subscription of appellant, by the company, in the sense in which appellant understood it as made, material. *Second*. Because it makes it necessary that the eastern route should have been changed. It was successfully argued that the eastern route had not been changed.

4. The jury, after their retirement, without the knowledge or consent of the court or parties, sent after and interrogated a witness in the jury room. They had been out an hour or more, and upon the

answer of the witness, one of the juryman remark-
ed, "*that settled the question with him,*" and the jury at
once made a verdict. The Code requires the testi-
mony to be given in *open court*, (*sec.* 351;) that no
communication is to be made to the jury after retire-
ment, unless by order of court. (*Sec.* 349.) Such
was always the policy of the law. (*Pl. Cr.* 307,
*Lord Hale*; *Metcalfe vs Dean, Cro. Eliz.* 189; *Perine
vs Vanhote*, 1 *South.* 146; *The State vs Brazil, Geo.
Decis. Part* 2, 107; *Smith vs Graves*, 1 *Brevard*, 16.)

We regard it of no consequence whether the tes-
timony of the witness, called before the jury in their
room, did or not influence the verdict. It is the prin-
ciple. We cannot know *how much* influence the tes-
timony had. (5 *Mass. Rep.* 405; *Pick. Rep.* 296.)

The circuit court should have granted a new trial
for this misconduct of the jury. (*Civil Code, section*
369.)

*F. T. Hord*, for appellee—

Appellant resists the payment of the subscription
made on the ground that Gen. Collins, before he, ap-
pellant, made it, represented that the "upper or eastern
route" would run through Helena. He does not con-
tend that he confided in or acted upon the faith of
the representations thus made, but annexed condi-
tions of his own in writing. The road was located
and partly built "upon what is termed the upper or
eastern route."

There was no exception taken to the judgment of
the court, overruling the motion for a new trial, nor
to the ruling of the court in relation to the witness
having gone before the jury after their retirement.

The circuit court properly overruled the instruc-
tions asked by appellant, because they were not ap-
plicable to the case. The first instruction does not
state to which subscription of appellant it refers,
(he having made three subscriptions of stock) and this
suit being for *one* subscription only.

LUTTRELL
vs.
MAYSVILLE AND
LEXINGTON R.R.

The circuit court properly gave the instruction asked by appellee, which was, "that if the jury believed, &c., that the road was located and partly constructed on the "upper or eastern route," &c., they must find for plaintiff, &c." One branch of this inquiry is settled by the case of *M. & L. R. R. Co. vs McMillen*, 15 *B. Mon.* 218.

The road having been located and partly built upon the route embraced in the condition of appellants' subscription, he cannot avoid the payment of the stock, by showing, by parol, conditions other than those contained in his written condition annexed. (*Wight vs Shelby R. R. Co.* 16 *B. Mon.* 6.)

Oct. 1, 1857.       Judge SIMPSON delivered the opinion of the court.

The only question in this case arises upon the decision of the court below, in overruling the motion of the appellant for a new trial.

That decision we deem correct, so far as the motion was based upon an objection to the verdict on the ground that it was "contrary to the instructions of the court, and against the weight of the testimony."

But there was another ground of objection which was much more formidable, and which in our opinion should have been deemed substantial and available.

1. After the jury had retired, a witness who had been examined on the trial, was sent for by them, admitted into the jury room, and re-examined without the knowledge or consent of the court or the parties. Held, that a new trial should, for this, have been granted upon motion (*Civil Code, sec.* 369.)

It appeared that after the jury had retired a witness, who had been examined on the trial, was sent for by them, admitted into their room, and re-examined, without the knowledge or consent of the court or the parties.

This fact was fully established by the witness himself, who also stated that he was a witness for the appellant on the trial, that when he went into the jury room the jury had been there an hour or two, and that they agreed upon a verdict shortly after he left the room.

The court below was of the opinion, that although it was improper for the jury to send for and examine

the witness out of court, still, as he was the witness of the defendant, and the one upon whose testimony he mainly relied to establish his defense, and had been fully examined on the trial, in reference to the same matters concerning which, as he states in his affidavit, he testified in the jury room, that the defendant was not prejudiced by this misconduct of the witness and jury, and therefore it did not constitute a sufficient ground to sustain the defendant's motion for a new trial.

One of the grounds enumerated in the 369 *section of the Code of Practice*, upon which a new trial may be granted, is the misconduct of the jury or the prevailing party.

This misconduct should, no doubt, be of such a character as might affect materially the substantial rights of the party complaining of it.

The effect produced, by a re-examination of a witness in the jury room, it is impossible in any case to determine. The jurors in the re-examination of the witness may not confine themselves to legal questions, but matters may be inquired into by them which they may suppose to be proper and pertinent, and which may have weight and influence with them in making up their verdict, but which, in reality, are irrelevant and illegal. Any inquiry as to the extent of the prejudice which the party against whom the verdict is rendered may have sustained by such misconduct must be very unsatisfactory. The jurors themselves are not permitted to testify on the subject, it being against the policy of the law to allow them to prove misbehavior in themselves or their fellow jurors, as a ground for a new trial, and therefore the result of such an inquiry would, in most cases, have to depend upon the statement of the witness himself. He might have a very imperfect recollection of what occurred in the jury room, and might wholly misapprehend the bearing and effect of the statements he made to the jury. The safest rule, therefore, to adopt in such cases, is to consider the mis-

<div style="text-align: right">

LUTTRELL
*vs.*
MAYSVILLE AND
LEXINGTON R.R.

2. The safe rule is, to regard the misconduct of the jury as a sufficient ground
</div>

for a new trial, where the party complaining of it has not connived at nor been instrumental in any manner in producing it.
</div>

conduct of the jury as a sufficient ground for a new trial, where the party complaining of it has not connived at, nor been instrumental in any manner in producing it.

Wherefore the judgment is reversed, and cause remanded for a new trial and further proceedings.